[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT DATED MARCH 9, 2000 (#133) AND DEFENDANT'S MOTION TO MODIFY JUDGMENT FILED MARCH 8, 2000 (#132 AND 134)
The parties' marriage was dissolved on August 21, 1992 (Cohen, STR). The judgment provided that the plaintiff pay to the defendant the sum of $222.00 per week for the minor child, Danielle and $222.00 per week for the minor child, Duane. Further, the plaintiff received the IRS exemption for both children so long as he was current with child support. The support orders were entered pursuant to an agreement of the parties but were substantially in excess of the child support guidelines.
By agreement dated October 5, 1994 and made an order of the court (Santos, J.) the child support was reduced to $187 per week per child. Further, the plaintiff waived any right to modify support payments on the ground that his payments exceed the statutory deviation percentage.
By agreement dated June 7, 1995 and made an order of the court the child support was further reduced to $275 per week for both children which amount was found to be $35 above the child support guidelines. On October 29, 1999 the Magistrate's court (Lifshitz) reduced the current support to $227 per week.
Since the judgment. of August 21, 1992 the issue of the IRS exemptions was never before the court. For calendar year 1999 the defendant, without agreement or court order, claimed both children on her Federal Income Tax Return as dependents and elected head of household tax status which enabled her to obtain an earned income tax credit of $2,507 in addition to the tax benefits she received by claiming both children as dependents. Because of the defendant's actions the plaintiff's tax return for the same year was affected since he also claimed both children as dependents.
Considering the reduction in child support the court finds that an allocation of the exemption between the parties would be fair and equitable. Commencing with calendar year 2000 the plaintiff shall be entitled to claim Duane on his return and the defendant shall be entitled to claim Danielle. Further, the defendant is ordered to sign the necessary tax forms for the plaintiff to take Duane as an exemption.
John R. Caruso